UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DORIS ANNETTE CHRISTENBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | 3:19-CV-360 |
| | ) | |
| v. | ) | Judge Curtis L. Collier |
| | ) | |
| OCWEN LOAN SERVICING LLC, *et al.*, | ) | Magistrate Bruce H. Guyton |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

Before the Court are two filings by Plaintiff, each titled as an "Answer" to the Court's March 26, 2020, Judgment Order (Doc. 11). (Docs. 12, 13.) Plaintiff's filings ask the Court to set aside the Judgment Order and allow Plaintiff to proceed with her case.[1] (*Id.*) Plaintiff is acting *pro se*. The matter is also before the Court for consideration of the Court's subject-matter jurisdiction.

**I.      DOCUMENTS 12 AND 13**

Plaintiff filed her complaint on September 16, 2019. (Doc. 1.) On January 2, 2014, the Court ordered Plaintiff to show cause within fourteen days why the action should not be dismissed for failure to serve process. (Doc. 5.) Plaintiff responded on January 14, 2020. (Doc. 6.) Although Plaintiff's response did not show good cause for the failure, in light of Plaintiff's *pro se* status, the Court gave Plaintiff an extension of sixty days from January 17, 2020, to serve process or obtain

---

[1] Plaintiff also asks the Court about the time within which she must file any appeal. (Doc. 13.) The Court is not permitted to give legal advice to litigants, even when they are *pro se*. *See Martinez v. Ct. of App. of Calif.*, 528 U.S. 152, 162 (2000). Answers to questions regarding appellate procedure are available in the Federal Rules of Appellate Procedure.

waivers of service. (Doc. 8 at 2.) Summonses were issued and given to Plaintiff on February 20, 2020.[2] (Doc. 10.) At the end of the sixty-day period, on March 17, 2020, Plaintiff had not filed proof of service of process or a waiver of service of process as to any Defendant. The Court entered a Judgment Order dismissing Plaintiff's action without prejudice on March 26, 2020. (Doc. 11.)

Plaintiff argues "there has been some mistake." (Doc. 12 at 2.) She asserts that she appeared personally to obtain issued summonses, and says she is "listing and copying Proof that the Summons [sic] have been sent Certified and Return Mail sent back to Plaintiff that they have received that mailing and those Summons [sic]" within the deadline. (*Id.*) Plaintiff lists service dates for two Defendants."[3] (*Id.* at 2–3.) Plaintiff asks for consideration of the effects of the COVID-19 pandemic, including lock downs, the inability to copy documents, a fear of going to the post office, and confusion based on news reports of court closures. (*Id.* at 3.) She attaches copies of parts of certified mail receipts and signed delivery cards bearing parts of Defendants' names.[4] (Doc. 12 at 5–8.)

Filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, even *pro se* litigants are required to comply with the rules of procedure. *McNeil v. United States,* 508 U.S. 106, 113 (1993).

---

[2] Plaintiff filed a response on February 20, 2020, listing the filings she had previously sent to Defendants by certified mail and stating that she was sending those again. (Doc. 9.)

[3] Plaintiff attempts to list a third Defendant with a corresponding service date, but the top half of the name and date is cut off. (*See* Doc. 12 at 3.) This problem appears to have resulted from Plaintiff's filing her documents with margins smaller than one inch. *See* E.D. Tenn. L.R. 5.1.

[4] The edges of some of the copies are cut off, either because of a copying error or an improper margin size. (*See supra* n.2.)

2

Neither of Plaintiff's filings identifies a rule under which it is filed, (*see* Docs. 12, 13), and the Federal Rules of Civil Procedure do not contemplate an answer to a judgment order. The Court construes Plaintiff's filings as motions for relief from a final judgment under Rule 60(b), which provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Subdivision (b)(6), which addresses "any other reason" justifying relief, applies "only in exceptional or extraordinary circumstances which are not addressed by the five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). While the Court's discretion in ruling on a Rule 60(b)(6) motion is broad, such a motion is only granted in "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original).

Plaintiff has not made any allegations relevant to subdivisions (b)(2) through (b)(5) of Rule 60. The Court will therefore evaluate Plaintiff's motion under Rule 60(b)(1), specifically regarding "mistake . . . or excusable neglect," and under Rule 60(b)(6).

The Court warned Plaintiff that it would "dismiss Plaintiff's claims against each Defendant as to whom the record does not reflect either service of process or a waiver by" March 17, 2020.

(Doc. 8 at 2.) Rule 4(l) requires a plaintiff to make proof of service of process to the court in every case in which service is not waived. Fed. R. Civ. P. 4(l)(1). "Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." *Id.* Plaintiff has not filed any affidavits regarding service of process. She has therefore still not complied with the relevant rules. She has, however, averred in her motions that she accomplished timely service of process on each Defendant. (*See* Doc. 12 at 2–3; Doc. 13 at 2.)

Given the circumstances surrounding the COVID-19 pandemic and the difficulties they may have caused Plaintiff with printing, copying, and mailing documents, the Court will hold Plaintiff's motions for relief from judgment (Docs. 12, 13) **IN ABEYANCE** for **sixty days** to allow Plaintiff time to file affidavits showing service of process on each Defendant in compliance with all relevant rules of the Federal Rules of Civil Procedure. After that time, the Court will consider whether Plaintiff should be relieved from the operation of the Judgment Order in this case because of mistake or excusable neglect under Rule 60(b)(1) or for any other reason under Rule 60(b)(6).

## II. SUBJECT-MATTER JURISDICTION

This Court is a court of limited jurisdiction, and as such, "ha[s] a continuing obligation to examine [its] subject matter jurisdiction throughout the pendency of every matter before [it]." *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991) (footnote omitted).

Plaintiff's Complaint in this now-dismissed action sought to invoke the Court's federal-question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at 2.) However, the Complaint did not identify any federal law, federal treaty, or portion of the Constitution as giving rise to her claims. (*See id.*) If the Court were to grant Plaintiff's motions for relief from judgment (Docs. 12, 13), the

4

Court would then have to examine whether it has subject-matter jurisdiction over the action. *See Wolverine*, 930 F.2d at 1137. At the moment, no such basis appears. Accordingly, in addition to filing affidavits of service as ordered above, Plaintiff will be ordered to **SHOW CAUSE** within **sixty days** why the Court should not dismiss this action for lack of subject-matter jurisdiction.

### III. PROCEDURAL RULES

The Court previously instructed Plaintiff that she must familiarize herself with the Federal Rules of Civil Procedure and the Local Rules of this Court in order to continue representing herself. (Doc. 8 at 2.) Her failure to cite any rule in support of her pending motions (Docs. 12, 13), her failure to follow Rule 4(l) of the Federal Rules of Civil Procedure by filing affidavits of service, and her violation of Local Rule 5.1 (*see supra* n.2, n.3), make it apparent that she has not done so.

Even as a *pro se* party, Plaintiff must comply with the rules of procedure. *McNeil,* 508 U.S. at 113. Plaintiff is, once again, **INSTRUCTED** to familiarize herself with and follow the Federal Rules of Civil Procedure, which are publicly available through libraries and on various internet sites, as well as the Local Rules of the United States District for the Eastern District of Tennessee, available at https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf. Plaintiff is **WARNED** that failure to follow the applicable rules may lead to sanctions, including without limitation the denial of her pending motions for relief from judgment or, even if those motions are granted, the ultimate re-dismissal of her action.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**